RECORD NO. 14-4677

*In The*

# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

## v.

## CHARLES KEVIN BRIDGES,

*Defendant – Appellant*.

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

_____

### BRIEF OF APPELLANT

_____

**William D. Auman**
**AUMAN LAW OFFICES**
**70 Woodfin Place, Suite 403**
**Asheville, North Carolina  28801**
**(828) 236-1808**

*Counsel for Appellant*

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.........................................ii

STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION....................................1

STATEMENT OF ISSUES..........................................1

STATEMENT OF THE CASE AND FACTS..............................1

    A.   Procedural History..................................1

    B.   Factual Basis.......................................3

SUMMARY OF THE ARGUMENT......................................4

ARGUMENT.....................................................4

    I.   Standard of Review..................................4

    II.  Substance of the Argument...........................5

CONCLUSION...................................................8

REQUEST FOR ORAL ARGUMENT....................................8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

TABLE OF AUTHORITIES

Page(s)

CASES

*Gall v. United States*,
        522 U.S. 38, 128 S. Ct. 586 (2007)..........................5

*Jones v. Barnes*,
        463 U.S. 745, 103 S. Ct. 3308 (1983)......................4

*Kimbrough v. United States*,
        552 U.S. 85, 128 S. Ct. 558 (2007)......................5-6

*United States v. Brown*,
        232 F.3d 399 (4th Cir. 2000) ..............................7

*United States v. Evans*,
        526 F.3d 155 (4th Cir. 2008) ..............................5

*United States v. General*,
        278 F.3d 389 (4th Cir. 2002) ..............................7

*United States v. Johnson*,
        445 F.3d 339 (4th Cir. 2006) ..............................5

*United States v. Moreland*,
        437 F.3d 424 (4th Cir. 2006) ..............................5

*United States v. Pauley*,
        511 F.3d 468 (4th Cir. 2007) ..............................6

STATUTES

18 U.S.C. § 2252A(a)(2)........................................2

18 U.S.C. § 2252A(a)(5)(B)....................................2

18 U.S.C. § 3231..............................................1

18 U.S.C. § 3553..............................................1

18 U.S.C. § 3553(a)........................................5, 6

18 U.S.C. § 3553(a)(1)........................................6

18 U.S.C. § 3742...........................................1, 4, 8

28 U.S.C. § 1291.................................................1

RULE

Fed. R. Crim. P. 11.............................................7

GUIDELINES

U.S.S.G. § 2G2.2................................................7

U.S.S.G. § 2G2.2(b)(1)..........................................2

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The District Court had jurisdiction in the matters at bar under 18 U.S.C. section 3231, and imposed sentence on August 13, 2014. The appellant filed notice of appeal on August 26, 2014. Jurisdiction in this Court is pursuant to 28 U.S.C. section 1291 and 18 U.S.C. section 3742.

STATEMENT OF ISSUES

1.    Whether the trial court improperly imposed a sentence which is substantively unreasonable and in excess of that necessary to comply with the purpose of 18 U.S.C. section 3553.

STATEMENT OF THE CASE AND FACTS

A.    Procedural History

On October 15, 2013, the defendant, Charles Kevin Bridges, was named in a nine-count superseding bill of indictment filed in the Western District of North Carolina. He was charged with Transport of Child Pornography Including by Computer and Aiding and Abetting the Same (Counts One, Six, Seven, and Eight), Receiving Child Pornography Using Any Means or Facility of Interstate and Foreign Commerce (Counts Two, Three, Four, and Five), and Possession of Child Pornography (Count Nine). JA 14-16.

On March 5, 2014, Mr. Bridges, represented by attorneys Charles L. Morgan, Jr., and H. Monroe Whitesides, appeared

1

before U.S. Magistrate Judge David C. Kessler and pled guilty to Counts 2 and 9 of the indictment, violations of 18 U.S.C. § 2252A(a)(2) and 18 U.S.C. § 2252A(a)(5)(B). His entry of plea was pursuant to an agreement that remaining counts would be dismissed, although the Court was free to consider them as being relevant conduct. It was further noted that either party would remain free to argue for specific enhancements or reductions at sentencing, and that the defendant was to waive his right to contest his upcoming sentence absent ineffective assistance of counsel or prosecutorial misconduct. After colloquy, Judge Kessler accepted the defendant's plea. JA 19-35.

On May 30, 2014, the defendant filed an objection to the initial pre-sentence report, arguing that an enhancement for distribution should not be applied, and that a two-level reduction pursuant to U.S.S.G. § 2G2.2(b)(1) should be applied. JA 152-153.

Mr. Bridges appeared for sentencing before the Hon. Frank D. Whitney, U.S. District Court Judge Presiding, on August 13, 2014. Judge Whitney affirmed the prior acceptance of plea, and sustained the defendant's objection to the government's requested enhancement. The Court, however, rejected the defendant's argument for a two-level reduction (*see defendant's argument, infra*). After considering testimony from Rev. Greg Martin and former Kings Mountain Mayor Scott Neisler, together

2

with numerous letters on behalf of the defendant, Judge Whitney sentenced the defendant to a prison term of 121 months, counts to run concurrently. The defendant had requested a term of 60 months. Upon his release from custody, it was further ordered that he be on supervised release for the remainder of his natural life. JA 68, 97-101, 120, 126-131. Judge Whitney further advised the defendant as to the limitations on his right to appeal from the sentence imposed. JA 136.

B.    Factual Basis

The following was taken primarily from the defendant's pre-sentence investigation report, and based largely on discovery material provided by the U.S. Attorney's office to trial counsel. A factual basis was filed on March 5, 2014, and is referenced in the defendant's pre-sentence investigation report. JA 161.

FBI Task Force Officer Shane Lewis used a program to identify computers that were suspected of sharing child pornography, which resulted in the discovery of an IP address that was registered to one Charles Bridges. Such led to the execution of a search warrant at the defendant's home in Kings Mountain, N.C., on February 14, 2013. Officer Lewis located numerous files with names indicative of child pornography on a laptop that was located in the defendant's bedroom. JA 162.

Mr. Bridges was located at his place of work, and agreed to be interviewed. He admitted to downloading and viewing child pornography, going back to November of 2012, however was unaware that he was sharing any pornography with others. He was cooperative and provided law enforcement with his password so that the downloaded files could be reviewed. The PSR concluded that the defendant was responsible for being in possession of a total of 11,554 images, including over 600 which were considered to be child pornography. JA 162-164.

## SUMMARY OF THE ARGUMENT

The defendant submits that his sentence should be overturned and his case remanded for re-sentencing as that imposed was not substantively reasonable due to the denial of his requested two-level reduction.

## ARGUMENT

I.   Standard of Review

The defendant recognizes that the U.S. Constitution does not provide criminal defendants an appeal as a matter of right as noted in *Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308 (1983), however, both the defendant and the government retain the statutory right to challenge and appeal a sentence which was imposed in violation of law. 18 U.S.C. section 3742. A district court's sentencing determination is reviewed for both procedural and substantive reasonableness under a deferential abuse of

discretion standard. *Gall v. United States*, 522 U.S. 38, 128 S. Ct. 586 (2007). In considering whether a sentence is unreasonable, the district court's legal conclusions are reviewed *de novo* and its factual findings for clear error. *U.S. v. Johnson*, 445 F.3d 339 (4th Cir. 2006).

II. Substance of the Argument

In the matter at bar, the overall inquiry of substantive reasonableness is based on totality of circumstance analysis. *United States v. Evans*, 526 F.3d 155 (4th Cir. 2008). The ultimate question for this Court is whether or not the defendant's sentence concurs with statutory objectives, or does it reflect an injustice?

Although sentences that fall within a properly calculated guideline range are presumed to be reasonable, guidelines are not the only consideration upon which reasonableness is based. They are but one of an array of factors warranting consideration by the sentencing court, who is free to reject a guideline range sentence when such action is warranted. *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006). After calculating guidelines and listening to arguments, the district court should consider all section 3553(a) factors, make an individualized assessment, and may not presume that the guidelines range is reasonable. *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct.

558 (2007), *United States v. Pauley*, 511 F.3d 468 (4th Cir. 2007).

To be clear, the appellant is not alleging procedural unreasonableness, i.e. if the district court had provided an inadequate statement of reasons or failed to make a necessary factual finding. In contrast, he alleges that the trial court's substantive application of statutory guidelines resulted in punishment that was greater than necessary under the circumstances. Through 18 U.S.C. section 3553(a), Congress made it clear that traditional purposes of sentencing, i.e. retribution, deterrence, incapacitation, and correction, are to be satisfied in the most lenient fashion possible. Legislative intent was to satisfy these goals with punishment which is sufficient, but not greater than necessary.

To the extent it supports the defendant's argument, and to avoid repetitious duplication, the defendant/appellant incorporates the sentencing memoranda filed on his behalf as set forth in his joint appendix at JA 178-200. In a nutshell, Mr. Bridges had no prior criminal history, has serious health problems, supports his family, and was well thought of within his local community. 18 U.S.C. section 3553(a)(1) instructs the sentencing court to look at and consider these individual characteristics. In addition, Mr. Bridges was not creating or selling illegal pornographic images, did not utilize chat rooms,

nor did he communicate with others to solicit or trade pornography. His role, while admittedly disturbing, was limited to viewing material created by others. With those factors in mind, his requested sentence of 60 months appears substantively reasonable in accordance with sentencing objectives.

The defendant would further note that the guidelines enumerated under U.S.S.G. section 2G2.2 are not based on past practice or empirical data, and have been rejected by many sentencing courts in cases similar to the matter at bar. *See* JA 184-186, *wherein this argument is supported with specific detail.*

Although the defendant is not alleging ineffective assistance of counsel or prosecutorial misconduct, he would argue that his appellate waiver should not interfere with this Court's consideration of his challenge to the sentence imposed. The issue of waiver is a matter of law to be reviewed *de novo,* and whether the defendant knowingly and intelligently waived review is likewise determined by totality of circumstances. *United States v. Brown*, 232 F.3d 399 (4th Cir. 2000), *United States v. General*, 278 F.3d 389 (4th Cir. 2002).

At the time of his Rule 11 plea colloquy, Mr. Bridges' sentence was yet to be determined. Accordingly, he was not in a position to knowingly waive his right to appeal from a sentence that he, at that particular time, had no way of knowing could

well be considered substantively unreasonable. In addition, he has the right under 18 U.S.C. section 3742 to challenge any sentence that should be considered invalid as a matter of law. In this case, validity turns upon the determination of substantive reasonableness.

### CONCLUSION

As the defendant's sentence was arguably devoid of substantive reasonableness, he respectfully requests that the same be reversed and his cases remanded to district court for a new sentencing hearing.

### REQUEST FOR ORAL ARGUMENT

The defendant respectfully requests that oral argument in the matter at bar be granted, so as to allow him to fully present his case and protect his constitutional rights to complete and effective representation.

This the 30th day of January, 2015.


/s/ William D. Auman
William D. Auman
70 Woodfin Place, Suite 403
Asheville, NC  28801
828-236-1808
N.C. Bar # 13400
wdauman@gmail.com
Attorney for Appellant

CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed.
    R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [      ] this brief contains [*state the number of*] words,
    excluding the parts of the brief exempted by Fed. R. App.
    P. 32(a)(7)(B)(iii), *or*

    [  X  ] this brief uses a monospaced typeface and contains
    [*186*] lines of text, excluding the parts of the brief
    exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed.
    R. App. P. 32(a)(5) and the type style requirements of Fed.
    R. App. P. 32(a)(6) because:

    [      ] this brief has been prepared in a proportionally
    spaced typeface using [*state name and version of word
    processing program*] in [*state size and name of font*]; *or*

    [  X  ] this brief has been prepared in a monospaced
    typeface using [*Microsoft Word 2007*] with [*10 inch per
    character Courier New Font*].

Dated: January 30, 2015          /s/ William D. Auman
                                 *Counsel for Appellant*

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 30th day of January, 2015, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Amy E. Ray
OFFICE OF THE U.S. ATTORNEY
100 Otis Street, Room 233
Asheville , North Carolina  28801
(828) 271-4661

*Counsel for Appellee*

I further certify that on this 30th day of January, 2015, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the Sealed Volume of the Joint Appendix to be served upon Counsel for Appellee.

/s/ William D. Auman
*Counsel for Appellant*