IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
DOCKET NO. 14-4677

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff-Appellee,* | ) |
| | ) |
| vs. | ) |
| | ) |
| CHARLES KEVIN BRIDGES, | ) |
| | ) |
| *Defendant-Appellant.* | ) |
| | ) |

## **MOTION TO DISMISS BY THE UNITED STATES**

The United States of America moves to dismiss Charles Kevin Bridges's appeal of his criminal sentence because he waived his right to appeal that sentence pursuant to a plea agreement.

## BACKGROUND

Bridges entered a plea of guilty to two counts of a Superseding Indictment, which charged him respectively with transportation and possession of child pornography, 18 U.S.C. §§ 2, 2256(8), 2252A(a)(5)(B). J.A. 6, 19, 35-36.

1

As part of a plea agreement with the United States, which is attached to this motion as "Exhibit 1," Bridges expressly waived his right to appeal his conviction and sentence, subject only to two exceptions not relevant to this appeal.  As part of the plea agreement, Bridges confirmed that he had "discussed with his attorney [his] rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post conviction [motion] after entering into a plea agreement."  Exhibit 1, at 6.  The agreement states that the "defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction except for: (1) claims of ineffective assistance of counsel or (2) prosecutorial misconduct."  *Id.*  The plea agreement further states that the "defendant also knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 or otherwise to appeal whatever sentence is imposed with the two exceptions set forth above."  Exhibit 1, at 6.  As part of the agreement, Bridges also confirmed that he was aware that the court had not yet determined his sentence and retained final discretion

2

to impose "any sentence up to the statutory maximum for each count." Exhibit 1, at 2.

United States Magistrate Judge David Keesler accepted Bridges's plea after conducting the colloquy called for by Federal Rule of Criminal Procedure 11(b). J.A. 17–37. Among other things, Judge Keesler discussed with Bridges the fact that, by pleading guilty, he was "waiving some right[s he had] to appeal." J.A. 31–32. The Court specifically asked Bridges, "[D]o you understand that the right to appeal your conviction and/or your sentence has been expressly waived in your plea agreement," and Bridges replied under oath, "Yes." J.A. 32. Based on the statements of Bridges and his attorneys during the plea colloquy, Judge Keesler found that "the defendant's plea of guilty [was] knowingly and voluntarily made, and that the defendant understands the charges, potential penalties and consequences of his plea." J.A. 35. Judge Keesler accordingly accepted Bridges's guilty plea. J.A. 35.

Before sentencing Bridges, District Judge Frank Whitney reviewed the plea proceedings with Bridges, and, without any objection from Bridges, affirmed "the magistrate judge's findings that the

3

defendant's . . . pleas were knowingly and voluntarily made, and the defendant fully understood the charges, the consequences, and potential penalties of his two pleas of guilty." J.A. 68–60. Judge Whitney also reminded Bridges about his appeal waiver, and Bridges acknowledged on the record during his sentencing hearing that he had waived his right to contest his conviction and sentence, except for claims of ineffective assistance of counsel and claims of prosecutorial misconduct, J.A. 135–37.

Judge Whitney sentenced Bridges to a term of imprisonment of 121 months, J.A. 126, which was at the low end of the range advised by the United States Sentencing Guidelines, J.A. 115. After the Court entered its judgment, Bridges filed a timely notice of appeal. J.A. 140–48. On appeal, Bridges raises only one issue — whether his sentence is substantively reasonable. Br. of Appellant 1.

## ARGUMENT

Bridges's appeal should be dismissed because the only issue that Bridges raises falls within the scope of the appeal waiver that he knowingly and intelligently executed as part of his written plea

4

agreement.  This Court will enforce a waiver in a plea agreement "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver."  *United States v. Blick*, 408 F.3d 162, 168– 69 (4th Cir. 2005); *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994).  If a party files an appeal despite a knowing and intelligent waiver of that party's right to appeal, the proper remedy is dismissal of the appeal.  *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

   The record establishes that Bridges entered into a plea agreement with the United States containing a valid provision waiving his right to appeal, and that he did so knowingly and intelligently.  Like the waiver that this Court held enforceable in *Blick*, the language and meaning of Bridges's waiver are "clear and unmistakable."  *Blick*, 408 F.3d at 169.  Bridges's waiver specifies that he waived his rights "to appeal whatever sentence is imposed" with except on grounds of ineffective-assistance of counsel or prosecutorial misconduct.  Exhibit 1, at 6.

Additionally, Bridges was represented by multiple competent attorneys at the time he negotiated the plea agreement and at the time he pleaded guilty. Bridges and each of his two attorneys signed the plea agreement, Exhibit 1, at 7; *Blick*, 408 F.3d at 169. The signed agreement expressly confirms that Bridges discussed with his attorney his appeal rights, "whether there [were] any potential issues relevant to an appeal" and "the possible impact of any such issue on the desirability of entering into [the] plea agreement." Exhibit 1, at 6. Bridges affirmed under oath during his plea colloquy that he understood that his right to appeal his conviction and sentence had been expressly waived in his plea agreement. And both Magistrate Judge Keesler and Judge Whitney both found that Bridges's plea of guilty was knowingly and voluntarily made and that Bridges understood the potential penalties and consequences of his plea. *See Blick*, 408 F.3d at 169 (upholding a waiver of the right to appeal a sentence where the defendant stated during the plea colloquy that he understood he was waiving any right he may have to appeal the sentence that may be imposed and the district court found that the defendant entered his plea voluntarily and

intelligently). At no time did Bridges or his attorneys show a lack of understanding about the scope of the appeal waiver in the plea agreement. In short, the waiver provision that is the subject of this motion is exactly the type of knowing waiver that this Court views as "valid and enforceable." *See Attar*, 38 F.3d at 732.

Bridges's appeal does not fall within any express or implied limit on the scope of his waiver of appeal. He does not allege, for example, that he was afforded ineffective assistance of counsel or that the proceedings were affected by prosecutorial misconduct. Br. of Appellant 7 ("[T]he defendant is not alleging ineffective assistance of counsel or prosecutorial misconduct."); *cf. Attar*, 38 F.3d at 732.

Nor can Bridges escape the waiver he knowingly and voluntarily executed by asserting that at the time he pleaded guilty, "Mr. Bridges' sentence was yet to be determined." Br. of Appellant 7. Bridges's plea agreement explicitly recognized that his sentence was yet to be determined and that the district court could impose any sentence up to the statutory maximum. Exhibit 1, at 2. Bridges explicitly agreed to waive his right to appeal his sentence notwithstanding any uncertainty

7

about his sentence, and this Court has regularly held that waivers of a defendant's right to appeal his sentence are enforceable. *See Blick*, 408 F.3d 162, 168 & n.4 (citing decisions); *accord United States v. Talley*, 589 F. App'x 198, 199 (4th Cir. 2015) (dismissing a challenge to the substantive reasonableness of a sentence because it fell within the scope of an appellate waiver); *United States v. McCray*, 586 F. App'x 148, 149 (4th Cir. 2014) (same); *United States v. Herrera*, 585 F. App'x 846, 847 (2014) (same).

Accordingly, the United States respectfully requests that this Court dismiss Bridges's appeal. To allow Bridges to pursue review of his sentence when he has expressly waived his right to do so would contravene one of the primary purposes of his agreement and would "eliminate the chief virtues of the plea system — speed, economy and finality." *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977)).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court dismiss Bridges's appeal.

8

RESPECTFULLY SUBMITTED, this 13th day of March, 2014.

                    JILL WESTMORELAND ROSE
                    ACTING UNITED STATES ATTORNEY

                    s/Anthony J. Enright
                    Anthony J. Enright
                    NY Bar Number 4485140
                    Assistant United States Attorney
                    227 West Trade Street, Suite 1650
                    Charlotte, NC 28202
                    Telephone: 704-344-6222
                    Fax: 704-344-6229
                    E-mail: anthony.enright@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that I have this day caused to be served a copy of the above motion upon the Appellant by serving his attorney of record, William D. Auman, through electronic case filing.

This the 13th day of March, 2015.

s/Anthony J. Enright
Assistant United States Attorney
USAO Charlotte, NC
