UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:13CR106-FDW |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| CHARLES KEVIN BRIDGES | ) | |
| | ) | |
| | ) | |

     NOW COMES the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, and the defendant, CHARLES KEVIN BRIDGES, in person and through counsel, Monroe Whitesides and Charles Morgan, and respectfully inform the Court that they have reached an agreement pursuant to Federal Rule of Criminal Procedure ("Rule") 11. References to the United States herein shall mean the United States Attorney for the Western District of North Carolina.

### I. Plea

     1.    The defendant agrees to enter a voluntary plea of guilty to Counts Two and Nine as set forth in the Superseding Bill of Indictment, and admits to being in fact guilty as charged in Counts Two and Nine.

     2.    If the Court finds the defendant's plea to be voluntary and knowingly made, and accepts the plea, then the United States will move at the appropriate time to dismiss the remaining counts as to this defendant in the Superseding Bill of Indictment.

     3.    The defendant agrees that the Court may consider any such dismissed counts and all pertinent information as "relevant conduct," *United States Sentencing Guidelines* [U.S.S.G.] §1B1.3. The Court may also consider any dismissed count as a "conviction" for purposes of 28 U.S.C. § 1918 (costs of prosecutions, including fines and forfeitures), 920 (court costs, including fees for interpreters), as well as for purposes of forfeiture and restitution.

     4.    The defendant understands that each and every provision set forth below is a material term of the plea agreement. The defendant's failure to fully comply with any provision of the plea agreement or attempt to withdraw the guilty plea (i) will relieve the United States of its obligations under the Plea Agreement, but the defendant will not be relieved of the defendant's obligations or allowed to withdraw the guilty plea; (ii) may constitute the defendant's failure to accept responsibility under U.S.S.G. § 3E1.1; and (iii) will permit the United States to proceed on any dismissed, pending, superseding or additional charges.

## II. Sentence

5.   The defendant is aware that the statutory minimum and maximum sentences for each count are as follows:

Count Two: A mandatory minimum of 5 years and not more than 20 years imprisonment, a $250,000 fine or both, and, pursuant to 18 U.S.C. § 3583(k), a maximum supervised release term of life. The defendant is also aware that should he have a prior conviction under Chapter 110, Chapter 71, Chapter 109A, or Chapter 117 of Title 18, Title 18, United States Code § 1591, or under section 920 of Title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment or transportation of child pornography, or sex trafficking of children, then he shall be punished under the provisions of Title 18, United States Code § 2252A(b)(1), in which case the punishment is a mandatory minimum sentence of 15 years' imprisonment and a statutory maximum sentence of 40 years' imprisonment.

Count Nine: A maximum of 20 years, a $250,000 fine or both, and, pursuant to 18 U.S.C. § 3583(k), a maximum supervised release term of life. The defendant is also aware that should he have a prior conviction under Chapter 71, Chapter 109A, Chapter110, or Chapter 117 of Title 18, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, then he shall be punished under the provisions of Title 18, United States Code § 2252A(b)(2), in which case the punishment is a mandatory minimum sentence of 10 years imprisonment and a statutory maximum sentence of 20 years imprisonment.

6.   The defendant understands that a violation of supervised release may subject the defendant to an additional period of incarceration.

7.   The defendant is aware that the Court: (a) will consider the advisory *United States Sentencing Guidelines [U.S.S.G.]* in determining the sentence; (b) has not yet determined the sentence and any estimate of the likely sentence is a prediction rather than a promise; (c) has the final discretion to impose any sentence up to the statutory maximum for each count; and (d) is not bound by recommendations or agreements by the United States. Knowing this, the defendant understands that the defendant may not withdraw the plea as a result of the sentence imposed.

8.   Pursuant to Rule 11(c)(1)(B), the parties agree that they will jointly recommend that the Court make the following findings and conclusions as to the U.S.S.G:

    a.   That pursuant to U.S.S.G. §2G2.2(a)(2), Defendant's base offense level is 22.

b. That the material in question involved prepubescent minors or a minor under the age of twelve years, and therefore, a two-level enhancement in offense level is applicable.

c. That the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence; thus, a four-level enhancement applies.

d. That a computer was used for the transmission of the material in question, and therefore, a two-level enhancement in offense level is applicable.

e. That the offense involved at least 600 images; thus, a five-level enhancement applies.

f. The parties agree that the applicability of the distribution enhancement pursuant to U.S.S.G §2G2.2(b)(3) will be determined by the District Court Judge at the defendant's sentencing.

g. The Government agrees that the defendant's entry of plea is timely for purposes of U.S.S.G. § 3E1.1(b).

h. Notwithstanding the forgoing stipulations, the United States and the defendant reserve the right to argue in favor of any other enhancements or reductions that may apply.

j. The parties agree that either party may seek a departure or variance from the "applicable guideline range" (U.S.S.G. § 5C1.1).

k. The defendant agrees to register as a sex offender. Additionally, the defendant acknowledges that he has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of my name, residence, employment, or student status. He has been advised, and understand, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

1. The United States will inform the Court and the probation office of all facts pertinent to the sentencing process and will present any evidence requested by the Court.

9. The defendant agrees to the following with respect to financial disclosures, monetary penalties, forfeiture and restitution:

a. To pay full restitution, regardless of the resulting loss amount, to all victims directly or indirectly harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and an unanticipated amount of a restitution order will not serve as grounds to withdraw the defendant's guilty plea.

b. To make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose.

c. To truthfully complete under penalty of perjury within thirty days of the execution of this Plea Agreement a financial statement provided by the U.S. Attorney's Office and to update the statement with material changes within seven days of the change.

d. That monetary penalties imposed by the Court will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

10. With regard to each and every asset listed in the Superseding Bill of Indictment or seized in a related investigation or administrative, state, or local action the defendant stipulates and agrees:

a. To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding. The United States may use the value of forfeited property for restitution but is not required to do so.

b. That the defendant has or had a possessory interest or other legal interest in each item or property.

c. To the Magistrate Judge conducting all proceedings necessary for any civil forfeiture of the property, including entry of judgment, pursuant to 28 U.S.C. §636(c).

d. That the property may be returned to the true owner or treated as abandoned

property.

   e. To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the defendant's signing of this plea agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

  11. The defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the defendant is hereby withdrawn.

  12. If the United States discovers that the defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the defendant agrees to the immediate forfeiture of any such assets.

  13. The defendant further agrees to participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

### III. Procedure

  14. The defendant agrees that a duly-qualified federal Magistrate Judge may conduct the hearing required by Rule 11.

  15. The factual basis, as required by Fed. R. Crim. P. 11(b)(3), will be deferred until the time of sentencing. The defendant stipulates that there is a factual basis for the plea of guilty. The defendant further stipulates that the defendant has read and understood the Factual Basis attached to this plea agreement, and that such Factual Basis may be used by the Court and the United States Probation Office without objection by the defendant to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a), unless the Factual Basis itself notes that the defendant's right to object to a particular fact(s) was explicitly reserved.

### IV. Waivers

  16. The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty, has discussed these rights with defense counsel and knowingly and expressly waives any right to withdraw the plea once the Magistrate Judge has accepted it.

  17. The defendant acknowledges that Rule 11(f) and Fed. R. of Evid. 408 and 410 are rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions. The defendant knowingly and voluntarily waives these rights and agrees that any statements made in the course of the defendant's guilty plea or this plea agreement (in part or in its entirety, at the sole discretion of the United States) will be admissible against the defendant

for any purpose in any criminal or civil proceeding if the defendant fails to enter or attempts to withdraw the defendant's guilty plea, or in any post-conviction proceeding challenges the voluntary nature of the guilty plea.

18. The defendant agrees that by pleading guilty, the defendant is expressly waiving the right: (a) to be tried by a jury; (b) to be assisted by an attorney at trial; (c) to confront and cross-examine witnesses; and (d) not to be compelled to incriminate him or herself.

19. The defendant has discussed with his attorney: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a plea agreement; (2) whether there are potential issues relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability of entering into this plea agreement.

20. The defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction except for: (1) claims of ineffective assistance of counsel or (2) prosecutorial misconduct. The defendant also knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 or otherwise to appeal whatever sentence is imposed with the two exceptions set forth above. The defendant agrees that the United States preserves all its rights and duties as set forth in 18 U.S.C. § 3742(b).

21. The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

## V. Effects of Plea

22. The defendant understands that if this case is governed by Title 18, United States Code, Sections 3143(a)(2) and 3145(c) that a judicial officer shall order that a person who has been found guilty of an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

23. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. The defendant understands that no one can predict to a certainty the effect of the defendant's conviction(s) on the defendant's immigration status and wants to plead guilty regardless, even if the consequence is the defendant's automatic removal from the United States.

## VII. Conclusion

24. This agreement is effective and binding once signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled by the Court.

25. There are no agreements, representations, or understandings between the parties in

this case, other than those explicitly set forth in this Plea Agreement, or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties.

SO AGREED:

_____  DATED: 3-5-14
CORTNEY RANDALL, Assistant United States Attorney

_____  DATED: 3-4-14
MONROE WHITESIDES, Attorney for Defendant

_____  DATED: 3-4-14
CHARLES MORGAN, Attorney for Defendant

_____  DATED: 3-4-14
CHARLES KEVIN BRIDGES, Defendant